IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GERALDINE HENDERSON                                                                         PLAINTIFF

vs.                                       Civil No. 1:08-cv-01072

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Geraldine Henderson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her disability applications on June 22, 2005.  (Tr. 12, 46-50, 60, 66-68).  Plaintiff alleged she was disabled due to lupus and possible arthritis.  (Tr. 90).  Plaintiff alleged an onset date of March 24, 2004.  (Tr. 46, 66).  These applications were initially denied on August 26, 2005 and were denied again on reconsideration on March 2, 2006.  (Tr. 33-34, 58-59).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

On March 28, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 29). This hearing request was granted, and a hearing on this matter was held on March 5, 2007 in Little Rock, Arkansas. (Tr. 256-280). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Ken Waits testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed high school and mortuary school. (Tr. 259-260).

On May 25, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2007. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 24, 2004, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lupus, arthritis, and hypertension. (Tr. 14-17, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the physical and mental residual functional capacity to engage in at least

>sedentary work activity. She can lift and/or carry up to 10 pounds occasionally and 10 pounds frequently; can sit for 6 hours in an 8-hour workday; and can also stand and/or walk for up to a total of 2 hours in an 8-hour workday. She can also push and/or pull 10 pounds frequently and/or 10 pounds occasionally. She also has some postural limitations in the areas of being able to occasionally perform activities like climb, balance, stoop, bend, kneel, crouch, and crawl. She does not have any other additional medically-documented significant postural limitations, manipulative limitations, environmental limitations, communicative limitations, or mental restrictions.

(Tr. 17, Finding 5).

The ALJ then evaluated Plaintiff's PRW. (Tr. 19-20, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 256-280). Based upon this testimony, the ALJ determined Plaintiff could not perform any of her PRW. (Tr. 19-20, Finding 6). However, the ALJ also determined, considering her age, education, past work experience, and RFC, that there were other jobs existing in significant numbers in the national economy which Plaintiff would be able to perform. (Tr. 20-21, Finding 10). Specifically, the ALJ found that Plaintiff would be able to perform a job such as a lamp shade assembler with 1,000 such jobs in Arkansas and 59,000 such jobs in the United States. (Tr. 21). After making this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from March 24, 2004 through the date of the his decision or through May 25, 2007. (Tr. 21, Finding 11).

On May 30, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On May 25, 2007, the Appeals Council declined to review this unfavorable decision. (Tr. 9-11). On September 24, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 29, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

3

2. **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ improperly evaluated her subjective complaints pursuant to *Polaski*; (2) the ALJ improperly evaluated her lupus, arthritis, medication, and its side effects; (3) the ALJ improperly disregarded the testimony or opinions of her treating physician, Dr. Ivy McGee-Reed; and (4) the ALJ improperly determined she could perform sedentary work. (Doc. No. 6, Pages 3-14). In response, Defendant argues that the ALJ properly performed a *Polaski* analysis, properly considered Plaintiff's impairments in evaluating her RFC, and properly considered the medical source opinions. (Doc. No. 7, Pages 4-12). Because this Court finds the ALJ erred in conducting his *Polaski* analysis, this Court will only address Plaintiff's first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records and noted the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 18). The ALJ stated no inconsistences between Plaintiff's subjective complaints and the record in this case.

Indeed, the ALJ did not evaluate Plaintiff's subjective complaints but, instead, summarily dismissed them because they were not supported by her medical records. (Tr. 19). For example, Plaintiff claimed she had limitations in her extremities. Instead of evaluating those complaints and noting inconsistencies between them and the record, the ALJ summarily dismissed those subjective complaints because they were not fully supported by her medical records: "Further, there is no indication in the record *other than claimant's allegations* that she does not have adequate use of all four extremities, including full use of both hands and both arms." (Tr. 19). This lack of analysis is entirely insufficient under *Polaski*. *Polaski,* 739 F.2d at 1322 (holding that the ALJ cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, this case must be reversed and remanded

for further consideration consistent with *Polaski*.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of August, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is for the sole purpose of fully assessing Plaintiff's subjective complaints pursuant to *Polaski*. The ALJ is not required to award disability benefits simply because this case has been remanded, and this order should not be interpreted in that manner. On remand, the ALJ should also ensure the record is complete and should order any additional testing that is necessary.